**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

DR. DAVID SIMAI,
on behalf of plaintiff and the class defined herein,

Plaintiff,

v. Case No.: 17-cv-2283

FEDERATED SECURITIES, INC.,
and JOHN DOES 1-10,

Jury Trial Demanded

Defendants.

---

## COMPLAINT – CLASS ACTION

## INTRODUCTION

1. Plaintiff Dr. David Simai brings this action to secure redress for the actions of defendant Federated Securities, Inc., in sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

2. The TCPA expressly prohibits unsolicited fax advertising. Unsolicited fax advertising damages the recipients. The recipient is deprived of its paper and ink or toner and the use of its fax machine. The recipient also wastes valuable time it would have spent on something else. Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

## PARTIES

3. Plaintiff Dr. David Simai, has offices in the Eastern District of New York, where he maintains telephone facsimile equipment.

4. Defendant Federated Securities, Inc., is a New York corporation with a principal place of business at 680 Park Avenue, Huntington, New York 11743.

5. John Does 1-10 are other natural or artificial persons that were involved in the

sending of the facsimile advertisements described below. Plaintiff does not know who they are.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction under 28 U.S.C. §1331. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012).

7. Personal jurisdiction exists in that Defendants

a. Have committed tortious acts in New York by causing the transmission of unlawful communications into the state.

b. Have transacted business in New York.

8. Venue in this District is proper for the same reason.

**FACTS**

9. On December 12, 2016 at 1:56pm, Dr. David Simai received the unsolicited fax advertisement attached as Exhibit A on his facsimile machine.

10. Discovery may reveal the transmission of additional faxes as well.

11. Defendant Federated Securities, Inc., is responsible for sending or causing the sending of the fax.

12. Defendant Federated Securities, Inc., as the entity whose products and services were advertised in the fax, derived economic benefit from the sending of the fax.

13. Defendant Federated Securities, Inc., either negligently or wilfully violated the rights of plaintiff and other recipients in sending the faxes.

14. The fax refers to a website used by defendant Federated Securities, Inc.

15. Plaintiff had no prior relationship with defendant and had not authorized the sending of fax advertisements to plaintiff.

16. On information and belief, the fax attached hereto was sent as part of a mass broadcasting of faxes. It is a generic ad apparently intended for businesses and professionals that may have 401K plans.

17. The fax does not contain an “opt out” notice that complies with 47 U.S.C. §227.

18. The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

19. The TCPA provides for affirmative defenses of consent or an established business relationship. Both defenses are conditioned on the provision of an opt out notice that complies with the TCPA. *Holtzman v. Turza*, 728 F.3d 682 (7th Cir. 2013); *Nack v. Walburg*, 715 F.3d 680 (8th Cir. 2013).

20. On information and belief, defendant has transmitted similar unsolicited fax advertisements to at least 40 other persons in New York.

21. There is no reasonable means for plaintiff or other recipients of defendant's unsolicited advertising faxes to avoid receiving illegal faxes. Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

22. Defendant's conduct caused recipients of their advertising to bear the cost thereof. This gave defendant an unfair competitive advantage over businesses that advertise lawfully, such as by direct mail. For example, an advertising campaign targeting one million recipients would cost $500,000 if sent by U.S. mail but only $20,000 if done by fax broadcasting. The reason is that instead of spending $480,000 on printing and mailing his ad, the fax broadcaster misappropriates the recipients' paper and ink. "Receiving a junk fax is like getting junk mail with the postage due". Remarks of Cong. Edward Markey, 135 Cong Rec E 2549, Tuesday, July 18, 1989, 101st Cong. 1st Sess.

**<u>COUNT I – TCPA</u>**

23. Plaintiff incorporates ¶¶ 1-22.

24. The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(c).

25. The TCPA, 47 U.S.C. §227(b)(3), provides:

> **Private right of action.**
>
> **A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**
>
> > **(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
> >
> > **(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**
> >
> > **(C) both such actions.**
>
> **If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

26. Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of time, paper and ink or toner consumed as a result. Furthermore, plaintiff's statutory right of privacy was invaded.

27. Plaintiff and each class member is entitled to statutory damages.

28. Defendant violated the TCPA even if its actions were only negligent.

29. Defendant should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

30. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), (c) were sent faxes by or on behalf of defendant Federated Securities, Inc., advertising or promoting its goods or services for sale.

31. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief, based on the generic nature of the fax, that there are more than 40 members of the class.

32. There are questions of law and fact common to the class that predominate over

any questions affecting only individual class members. The predominant common questions include:

a. Whether defendant engaged in a pattern of sending unsolicited fax advertisements;

b. The manner in which defendant compiled or obtained its list of fax numbers;

c. Whether defendant thereby violated the TCPA.

33. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

34. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

35. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendant is small because it is not economically feasible to bring individual actions.

36. Numerous courts have certified class actions under the TCPA. *Holtzman v. Turza*, 08 C 2014, 2009 U.S. Dist. LEXIS 95620 (N.D.Ill., Oct. 14, 2009), aff'd, 728 F.3d 682 (7th Cir. 2013); *American Copper & Brass, Inc. v. Lake City Indus. Products, Inc.*, 757 F.3d 540 (6th Cir. 2014); *In re Sandusky Wellness Center*, 570 Fed.Appx. 437 (6th Cir. 2014); *Sandusky Wellness Center, LLC v. Medtox Scientific, Inc.*, 821 F.3d 992 (8th Cir. 2016); *Sadowski v. Med1 Online, LLC,* 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *CE Design Ltd. v Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Sys. v Preferred Chiropractic Ctr., Ltd.*, 679 F. Supp. 2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Lab, Inc.,* 10 C 1315, 2010 U.S. Dist. LEXIS 108339, 2010 WL 4074379 (N.D.Ill., Oct. 12, 2010);

*Hinman v. M & M Rental Ctr.,* 545 F.Supp. 2d 802 (N.D.Ill. 2008); *Clearbrook v. Rooflifters, LLC*, 08 C 3276, 2010 U.S. Dist. LEXIS 72902 (N.D. Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communs., Inc*., 08 C 4521, 2010 U.S. Dist. LEXIS 17843 (N.D. Ill. Feb. 25, 2010); *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451, 455 (La. App. 1st Cir. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So. 2d 510 (La. App. 1st Cir. 2008); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Ok. App. 2006); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v. Taranto Group, Inc.*, 293 Kan. 285; 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns. Inc.,* 306 S.W.3d 577 (Mo. App. 2010).

37. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

a. Actual damages;

b. Statutory damages;

c. An injunction against the further transmission of unsolicited fax advertising;

d. Costs of suit;

e. Such other or further relief as the Court deems just and proper.

/s/ Tiffany N. Hardy
Tiffany N. Hardy

Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

Adam J. Fishbein
ADAM J. FISHBEIN, P.C.
735 Central Avenue
Woodmere, New York 11598
(516) 668-6945
fishbeinadamj@gmail.com

**JURY DEMAND**

Plaintiff demands trial by jury.

/s/ Tiffany N. Hardy
Tiffany N. Hardy

Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

**NOTICE OF ASSIGNMENT**

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

/s/ Tiffany N. Hardy
Tiffany N. Hardy

Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)